**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**GREENVILLE DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | Criminal Action No.: 6:16-cr-00707-JMC-8 |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| | ) | |
| Stinson Ferguson, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Before the court for review is Defendant Stinson Ferguson's ("Defendant") Motion Requesting A Judicial Recommendation Concerning Length of RRC/Halfway House Placement (ECF No. 930). The United States ("Government") does not oppose Defendant's Motion. (ECF No. 1011.) The court **GRANTS** Defendant's Motion and recommends he serve the final twelve months (12) of his sentence in a halfway house.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On January 23, 2017, Defendant plead guilty to conspiring to possess with intent to distribute and distribute methamphetamine and cocaine. (ECF No. 284.) On June 19, 2017, this court granted Defendant's Motion to Depart from Guidelines (ECF No. 598), which the Government supported (ECF No. 600), and sentenced Defendant to forty (40) months of imprisonment and four (4) years of supervised release (ECF No. 610 at 2–3). Defendant is currently housed at the Federal Medical Center in Lexington, Kentucky, and is slated to be released from prison on September 7, 2019. (ECF No. 610 at 2.)

On June 15, 2018, Defendant filed a Motion Requesting A Judicial Recommendation Concerning Length of RRC/Halfway House Placement under the Second Chance Act of 2007. (ECF No. 930 at 1–2.) Defendant requests that the court "recommend that the Bureau of Prisons

("BOP") afford . . . Defendant the maximum Residential Re-entry Center ("RRC")/halfway house placement time of [twelve] months preceding the end of his sentence." (*Id.* at 1.)

On October 3, 2018, the court ordered the Government to respond to Defendant's Motion. (ECF No. 1003). On October 17, 2018, the Government filed a Response asserting the Government does not oppose Defendant's Motion. (ECF No. 1011.)

## II. DISCUSSION

The Second Chance Act of 2007 ("SCA") provides that,

> The [BOP] shall designate the place of the prisoner's imprisonment. The [BOP] may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the [BOP], whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the [BOP] determines to be appropriate and suitable, considering--
>
> > (1) the resources of the facility contemplated;
> > (2) the nature and circumstances of the offense;
> > (3) the history and characteristics of the prisoner;
> > (4) any statement by the court that imposed the sentence--
> > > (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
> > > (B) recommending a type of penal or correctional facility as appropriate; and
> > (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.
>
> In designating the place of imprisonment or making transfers under this subsection, there shall be no favoritism given to prisoners of high social or economic status. The [BOP] may at any time, having regard for the same matters, direct the transfer of a prisoner from one penal or correctional facility to another. The [BOP] shall make available appropriate substance abuse treatment for each prisoner the [BOP] determines has a treatable condition of substance addiction or abuse. Any order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the [BOP] under this section to determine or change the place of imprisonment of that person.

18 U.S.C. § 3621(b). Defendant contends that under this section of the SCA, specifically subsection (4), the court can recommend Defendant serve the last twelve (12) months of his

sentence at an RRC or halfway house.[1]  (ECF No. 930 at 1–2.)  Defendant acknowledges that under 18 U.S.C. § 3582(c), the court does not have the authority to modify his sentence (except in limited circumstances), but argues a recommendation under the SCA is not a sentence modification, as it only concerns the location of his imprisonment.  (ECF No. 930 at 2 ¶ 5.)

In support of his request for placement in a RRC or halfway house, Defendant informs the court that he has participated in the following BOP programs: job fair, financial peace, circuit training, chess, nutrition, and health care topics.  (*Id.* at 3 ¶ 8.)  Defendant also asserts that at thirty-seven years old, he is "young enough to be reformed and rejoin law-abiding society," (*Id.* at 2 ¶ 6); that RRC/halfway-house placement is meant to reduce recidivism, and Defendant's "substantial record of prior arrests . . . attests to his need for such comprehensive institutional rehabilitation," (*Id.* at 2-3); that Defendant's "employment history has been sparse in nature, menial, and non-promotional. . . .  [and p]romotional employment prospects meant to reduce financial incentive to reoffend are not promising without the retraining assistance at a federal RRC," (*Id.* at 3 ¶ 9); that RRC/halfway-house placement for the maximum time of twelve months "would maintain the integrity of the disposition while still preserving the punitive aspect of his sentence since it would not modify the court's sentence and would allow [Defendant] the opportunity to address and correct his elevated risk of transitional failure," (*Id.* at 3 ¶ 11); and that he "expressed remorse and contrition regarding his commission of his offenses and he cooperated fully with the [Government]," (*Id.* at 4 ¶ 12).

---

[1] *See* 18 U.S.C. § 3624(c)(1) ("The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.").

Federal district courts across the country are split as to whether a district court can make imprisonment placement recommendations on a Defendant's *post-sentencing* motion. Earlier this year in *Carter v. United States*, Criminal Case No. 14-CR-150, 2018 WL 2376513 (E.D. Wis. May 24, 2018), a federal district court reviewed this split:

> Some courts have issued such recommendations pursuant to § 3621(b)(4)(B) without specifically addressing this jurisdictional issue. *See, e.g.*, *United States v. Qadri*, No. CR 06-00469, 2017 WL 1011663, at *1-2, 2017 U.S. Dist. LEXIS 38716, at *4 (D. Haw. Mar. 15, 2017); *United States v. Baker*, No. 3:01cr94–01, 2013 U.S. Dist. LEXIS 11418, at *1, *6, 2013 WL 355867 (M.D. Ala. Jan. 29, 2013); *see also United States v. Bartels*, No. 12–cr–20072, 2016 WL 6956796, at *1-2, 2016 U.S. Dist. LEXIS 164056, at *3 (E.D. Mich. Nov. 29, 2016) (making a recommendation under § 3621(b), but acknowledging the government's view that the court could not order the BOP to take such action).
>
> Other courts have concluded that while they cannot amend or modify the judgment, they may nevertheless issue a recommendation separate and apart from the judgment. *United States v. Brattin*, No. 2:13–cr–00161, 2016 WL 4467897, at *2-3, 2016 U.S. Dist. LEXIS 112222, at *5–6 (D. Nev. Aug. 23, 2016); *United States v. Palacios*, No. 05CR2203, 2007 U.S. Dist. LEXIS 65644, at *7, 2007 WL 2410389 (S.D. Cal. July 14, 2007); *see also United States v. Booker*, Criminal No. 13–3 (JRT/FLN), 2018 WL 2247261, at *2, 2018 U.S. Dist. LEXIS 82485, at *5 (D. Minn. May 16, 2018) (finding that the court has authority to issue a non-binding recommendation, but declining to do so in that case); *United States v. Collins*, No. 2:15–cr–00176–7–TLN, 2018 WL 1157508, at *1-2, 2018 U.S. Dist. LEXIS

35699, at *2–4 (E.D. Cal. Mar. 5, 2018) (granting such a request, without opposition by the government, under §§ 3621 & 3624); *United States v. Doyle*, Criminal Action No. 15–90, 2018 U.S. Dist. LEXIS 18366, at *1–2 (E.D. La. Feb. 5, 2018) (citing §§ 3621 & 3624 and granting request); *United States v. Marshall*, No. 2:16-CR-00096, 2018 U.S. Dist. LEXIS 10499, at *2-3 (E.D. Tenn. Jan. 23, 2018) ("The court notes the government's objection, but finds that although the court cannot order the Bureau of Prisons to transfer defendant to a halfway house, the court can make a recommendation for defendant."); *United States v. Jackson*, Criminal No. 16–05–05 (JDB), 2017 U.S. Dist. LEXIS 201726, at *3–5 (D.D.C. Dec. 7, 2017) (finding that § 3621 permitted a non-binding recommendation but declining to issue one in that case).

Finally, some courts have concluded that they lack authority to make recommendations after sentencing. *See United States v. Green*, No. 10–20096–01, 2015 U.S. Dist. LEXIS 80198, at *2 (D. Kan. June 22, 2015) ("[T]he Court does not have jurisdiction to amend defendant's sentence at this time to include a specific recommendation on placement in a residential re-entry facility."); *United States v. Landers*, No. 6:09–cr–0893–10, 2013 WL 5530271, at *1-2, 2013 U.S. Dist. LEXIS 144450, at *3 (D.S.C. Oct. 7, 2013) ("The court is aware of no authority by which it may issue a recommendation for halfway house placement at this late stage."); *see also United States v. Sanders*, No. CR 13-03696 RB, 2018 WL 2172920, at *2, 2018 U.S. Dist. LEXIS 80162, at *3-4 (D.N.M. May 9, 2018) ("[N]o comparable BOP regulation authorizes a prisoner to seek a post-sentencing recommendation as to pre-release custody when the original judgment is silent as

to RRC placement."); *United States v. Tipton*, No. 14-20142, 2018 U.S. Dist. LEXIS 49178, at *2 (E.D. Mich. Mar. 26, 2018) ("[T]he Court finds that Defendant has not shown that the Court has authority to make a judicial placement recommendation to the FBOP apart from what the court already ordered and recommended in the Judgment[.]").

*Carter*, 2018 WL 2376513, at *2. Like the court in *Carter*, this court

agree[s] with what appears to be the majority position: while the court may not modify the original judgment or otherwise order the BOP to grant pre-release time in response to a defendant's post-sentencing motion, it may issue a non-binding recommendation. Because such a recommendation is advisory only, it does not run afoul of the limitations on modifying sentences contained in 18 U.S.C. § 3582 and Fed. R. Crim. P. 35, and because 18 U.S.C. § 3621(b) directs the BOP to consider *any* statement by the court that imposed the sentence—not just statements made at the time of sentencing—the court may issue such a recommendation later.

*Id.* at * 3. *See also* 18 U.S.C. § 3621(b) ("The [BOP] may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the [BOP] . . . that the [BOP] determines to be appropriate and suitable, considering . . . (4) *any* statement by the court that imposed the sentence . . . ." (emphasis added)); *id.* ("*Any* order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the [BOP] under this section to determine or change the place of imprisonment of that person." (emphasis added)); *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 219 (2008) ("We have previously noted that '[r]ead naturally, the word "any" has an expansive meaning, that is, "one or some

indiscriminately of whatever kind.'"'") (emphasis added) (quoting *United States v. Gonzales*, 520 U.S. 1, 5 (1997))); *id.* ("[T]he expansive word 'any' *and the absence of restrictive language* left 'no basis in the text for limiting' the phrase 'any other term of imprisonment' to federal sentences.") (quoting *Gonzales*, 520 U.S. at 5)).

Accordingly, the court recommends the BOP place Defendant in a RRC or halfway house for the final twelve (12) months of his sentence. The court readily acknowledges that the BOP is in a superior position to make these types of placement decisions and cannot overstate that the court's authority in this regard extends only to a non-binding recommendation. *See* 18 U.S.C. § 3621(b) ("Any order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility *shall have no binding effect* on the authority of the Bureau under this section to determine or change the place of imprisonment of that person." (emphasis added)). Still, it appears to the court that Defendant has made a real effort to improve himself. (*See* ECF No. 930.) In addition to the information provided to the court by Defendant, the court was informed by the probation officer assigned to Defendant's case that he has also completed a forty-hour drug program and the following classes: Personal Growth and Development, Pre-Release, Basic Finance, Employment, Africa/Carribean Studies, and several wellness classes. The probation officer further informed the court that Defendant has not committed a single disciplinary infraction.

Therefore, in light of Defendant's institutional history, the Government's lack of opposition to Defendant's Motion, and the undeniable benefits of placement in an RRC or halfway house,[2] the court **GRANTS** Defendant's Motion Requesting A Judicial Recommendation

---

[2]  Federal Bureau of Prisons, *Completing the transition.*, https://www.bop.gov/about/facilities/residential_reentry_management_centers.jsp (last visited

Concerning Length of RRC/Halfway House Placement (ECF No. 930) and recommends Defendant serve the final twelve (12) months of his sentence in a RRC or halfway house.[3]

   **IT IS SO ORDERED.**

*J. Michelle Childs*

   United States District Judge

October 18, 2018
Columbia, South Carolina

---

Oct. 18, 2018 ("Residential Reentry Centers provide programs that help inmates rebuild their ties to the community and reduces the likelihood that they will recidivate.").

[3] *See* 18 U.S.C. § 3624(c)(1) ("The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.").